

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

LUCENIOR CROSS,                    )
                                   )
                Plaintiff,         )
                                   )
        v.                         )    CIVIL ACTION NO. 08-G-1663-NE
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
                Defendant.         )
                                   )
                                   )

## MEMORANDUM OPINION

The plaintiff, Lucenior Cross, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." <u>Bloodsworth</u>, at 1239 (citations

omitted).  Substantial evidence is "such relevant evidence as a reasonable person would

accept as adequate to support a conclusion." <u>Bloodsworth</u>, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In determining whether a claimant's disability benefits should be

terminated, Social Security regulations outline an eight-step sequential process:

> To assure that disability reviews are carried out in a uniform manner, that
> decisions of continuing disability can be made in the most expeditious and
> administratively efficient way, and that any decisions to stop disability
> benefits are made objectively, neutrally and are fully documented, we will
> follow specific steps in reviewing the question of whether your disability
> continues. Our review may cease and benefits may be continued at any
> point if we determine there is sufficient evidence to find that you are still
> unable to engage in substantial gainful activity. The steps are as follows.
> (See paragraph (i) of this section if you work during your current period of
> entitlement based on disability or during certain other periods.)
>
> > (1) Are you engaging in substantial gainful activity? If you are (and
> > any applicable trial work period has been completed), we will find
> > disability to have ended (see paragraph (d)(5) of this section).
> >
> > (2) If you are not, do you have an impairment or combination of
> > impairments which meets or equals the severity of an impairment
> > listed in appendix 1 of this subpart? If you do, your disability will be
> > found to continue.
> >
> > (3) If you do not, has there been medical improvement as defined in
> > paragraph (b)(1) of this section? If there has been medical
> > improvement as shown by a decrease in medical severity, see step
> > (4). If there has been no decrease in medical severity, there has been
> > no medical improvement. (See step (5).)
> >
> > (4) If there has been medical improvement, we must determine
> > whether it is related to your ability to do work in accordance with
> > paragraphs (b) (1) through (4) of this section; i.e., whether or not
> > there has been an increase in the residual functional capacity based

on the impairment(s) that was present at the time of the most recent favorable medical determination. If medical improvement is not related to your ability to do work, see step (5). If medical improvement is related to your ability to do work, see step (6).

(5) If we found at step (3) that there has been no medical improvement or if we found at step (4) that the medical improvement is not related to your ability to work, we consider whether any of the exceptions in paragraphs (d) and (e) of this section apply. If none of them apply, your disability will be found to continue. If one of the first group of exceptions to medical improvement applies, see step (6). If an exception from the second group of exceptions to medical improvement applies, your disability will be found to have ended. The second group of exceptions to medical improvement may be considered at any point in this process.

(6) If medical improvement is shown to be related to your ability to do work or if one of the first group of exceptions to medical improvement applies, we will determine whether all your current impairments in combination are severe (see §404.1521). This determination will consider all your current impairments and the impact of the combination of those impairments on your ability to function. If the residual functional capacity assessment in step (4) above shows significant limitation of your ability to do basic work activities, see step (7). When the evidence shows that all your current impairments in combination do not significantly limit your physical or mental abilities to do basic work activities, these impairments will not be considered severe in nature. If so, you will no longer be considered to be disabled.

(7) If your impairment(s) is severe, we will assess your current ability to do substantial gainful activity in accordance with §404.1560. That is, we will assess your residual functional capacity based on all your current impairments and consider whether you can still do work you have done in the past. If you can do such work, disability will be found to have ended.

(8) If you are not able to do work you have done in the past, we will consider one final step. Given the residual functional capacity assessment and considering your age, education and past work experience, can you do other work? If you can, disability will be

found to have ended. If you cannot, disability will be found to continue.

20 C.F.R. § 404.1594(f).

## THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM PAIN OR OTHER SUBJECTIVE SYMPTOMS

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself.  Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.  See 20 CFR §§ 404.1529 and 416.929;  Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(parenthetical information omitted)(emphasis added).  This same standard applies to testimony about other subjective symptoms.  Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is

4

itself sufficient to support a finding of disability." <u>Foote</u> at 1561.  Therefore, if a claimant testifies he suffers from pain or other subjective symptoms at level that would prevent work and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's testimony about pain or other subjective symptoms, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true.  Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

<u>Hale v. Bowen</u>, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's testimony, or if his reasons are not supported by substantial evidence, the testimony of the plaintiff about his subjective symptoms must be accepted as true.

## THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

As the Sixth Circuit has noted:  "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim."  <u>Hall v. Bowen</u>, 837 F.2d 272, 276 (6th Cir. 1988).  "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." <u>McGregor v. Bowen</u>, 786 F.2d 1050, 1053 (11th Cir. 1986); <u>accord</u> <u>Elam v. Railroad</u>

Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991).  In addition, the Commissioner

"must specify what weight is given to a treating physician's opinion and any reason for

giving it no weight ...." McGregor, 786 F.2d at 1053.  If the Commissioner ignores or

fails to properly refute a treating physician's testimony, as a matter of law that testimony

must be accepted as true.  McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216.  The

Commissioner's reasons for refusing to credit a claimant's treating physician must be

supported by substantial evidence.  See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen,

831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a

claimant's subjective pain testimony must be supported by substantial evidence).

### WHEN ADDITIONAL EVIDENCE IS SUBMITTED
### TO THE APPEALS COUNCIL

Claimants are permitted to submit new evidence at each step of the review

process, 20 C.F.R. § 404.900(b)("In each step of the review process, you may present

any information you feel is helpful to your case.  [W]e will consider at each step of the

review process any information you present as well as all the information in our

records.").  The Appeals Council is required to consider the entire record, "including the

new and material evidence submitted if it relates to the period on or before the date of the

administrative law judge hearing decision."  20 C.F.R. § 404.970(b); Keeton v.

Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994).

To be material the proffered evidence must be "relevant and probative so

that there is a reasonable possibility that it would change the administrative result."

Caulder, at 877.  A review of the evidence submitted to the Appeals Council

demonstrates that it meets all of the requirements of the regulations for consideration by the Appeals Council.  Because the Appeals Council actually considered the evidence, the court will only review whether the Appeals Council committed reversible error in refusing to review the plaintiff's case in light of that evidence.  The Regulations require the Appeals council to "review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."  20 C.F.R. § 404.970(b).

Moreover, a "district court must consider evidence not submitted to the administrative law judge but considered by the Appeals Council when the court reviews the Commissioner's final decision denying Social Security benefits."  Ingram v. Astrue, 496 F.3d 1253, 1258 (11th Cir. 2007).  "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous."  Ingram at 1262.

> In Bowen v. Heckler, the claimant filed evidence in the Appeals Council, which considered the evidence but denied review.  748 F.2d 629 (11th Cir. 1984).  We held that "the Appeals Council did not adequately evaluate the additional evidence" and, citing earlier precedents, reasoned that "[w]e have previously been unable to hold that the Secretary's findings were supported by substantial evidence under circumstances such as these."  Id. at 634. . . . After quoting sentence four of section 405(g) in full and discussing it at length, we concluded that a reversal of the final decision of the Commissioner was appropriate.  We held that "the Appeals Council should have awarded Bowen disability insurance benefits," and we remanded to the district court "for entry of an order . . . that such an award be made."  Id. at 637.

Ingram at 1263.

**DISCUSSION**

The plaintiff was previously found to be disabled as of July 29, 2002, primarily because of migraine headaches.  She was issued a notice of continuing disability review on May 25, 2005.  [R. 326].  A State agency Disability Hearing Officer determined on December 6, 2005, that the Plaintiff was no longer disabled as of July 1, 2005.  The determination was upheld on reconsideration, and the Plaintiff then filed a timely written request for a hearing by an ALJ.  The hearing took place on April 19, 2006. ALJ Randall Stout proceeded through the sequential evaluation process, and determined that the plaintiff had medically improved, and while the plaintiff could not perform her past relevant work, she could perform a significant number of jobs at step eight.  [R. 28].

In his decision, the ALJ found that as of July 1, 2005, the plaintiff suffered from a superficial thrombosis of the right saphenous vein, and migraine headaches.  [R. 24].  However, he found that the plaintiff's impairments did not meet or medically equal the listings.  [Id.].  The ALJ determined that the plaintiff had improved medically and had the residual functional capacity to perform work at the sedentary to a reduced range of light exertional level.  [R. 26].  In applying the Eleventh Circuit's pain standard, the ALJ found "that the claimant's medically determinable impairments present as of July 1, 2005 could have reasonably been expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible."  [Id.].

One reason the ALJ cited for rejecting the plaintiff's pain testimony

follows:

> The claimant also continues to report migraine headaches; however, the
> claimant's treating physician indicated that neither her migraines, nor her
> complaints of back pain would disable her from working.  He did not
> indicate that the claimant suffers from pain to such a severity, that it would
> preclude her from working.

[R. 27].   The ALJ continued, "Controlling weight has been given to the findings and

opinion of the claimant's treating physicians, Dr. Anderson and Dr. Chua. . . ."  [Id.].

Indeed, a "To Whom It May Concern" letter written June 15, 2005, by Scott A. Anderson,

M.D., the plaintiff's treating physician, states:

> I have evaluated this patient on multiple occasions.  She suffers from chronic
> migraine headaches and apparently chronic back pain.  The effects of these
> conditions on her work duties are limited with reasonable accommodation and
> treatment/medications.  Thus, I do not believe that this patient is severely limited
> by these symptoms enough to qualify for disability benefits, and she should, with
> reasonable accommodation, be able to perform basic work-related functions.

[R. 401].  However, subsequent records from treating physicians Anderson and Steven J.

Dick, M.D., show continued treatment for migraines and blood clots.  These records were

submitted to the Appeals Council.  On January 2, 2006, Dr. Dick diagnosed migraines,

hypercoagulable state, cervicalgia secondary to cervical spondylosis and phlebitis,

cording and pain.  [R. 588].  As for blood clots, Dr. Dick found:

> Lupus anticoagulant comprehensive profile reveals significantly high values.
> Hemoglobin A1C high at 7.6.  C-reactive protein elevated at 8.7 (0-4.9).
> Rheumatoid arthritis and anitphospholibid [sic] antibodies were normal.  This
> mandates Coumadin anticoagulation, which fortunately has already been initiated
> secondary to her DVT [deep vein thrombosis].  We will order 3 GGTT to

9

determine absolutely the presence of diabetes.  Nerve conduction study was
completely normal in all respects.

[R. 588].  The ALJ had found only a superficial thrombosis, but it is clear that she has

since developed deep vein thrombosis.

Additionally, Dr. Anderson on April 2, 2006, completed a Clinical

Assessment of Pain, which the ALJ did not have the benefit of reviewing.  This

assessment, which was submitted to the Appeals Council, indicated that "Pain is present

to such an extent as to be distracting to adequate performance of daily activities or work."

[R. 718].  Because the Commissioner ignored Dr. Anderson's testimony, as a matter of

law that testimony must be accepted as true.  Instead of issuing a boilerplate denial, had

the Appeals Council properly reviewed the plaintiff's case and given Dr. Anderson's

opinion controlling weight, it would have found the ALJ erred in finding the plaintiff

could work.   Therefore, the Appeals Council committed reversible error in failing to

review the plaintiff's case.

Moreover, the medical evidence also shows a "longitudinal history of

complaints and attempts at relief" that support the plaintiff's pain allegations.  See SSR

96-7P 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating

an individual's attempts to seek medical treatment for pain or other symptoms and to

follow that treatment once it is prescribed lends support to an individual's allegations of

intense or persistent pain or other symptoms for the purposes of judging the credibility of

the individual's statements.").  As Judge Allgood observed in Lamb v. Bowen:  "[T]he

record is replete with evidence of a medical condition that could reasonably be expected to produce the alleged pain.  No examining physician ever questioned the existence of appellant's pain.  They simply found themselves unable to cure the pain."  847 F.2d 698 (11th Cir. 1988).  As the ALJ's reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, her testimony must be accepted as true and the plaintiff is disabled.

In brief the Commissioner asserts that "[p]laintiff at all times had the burden of proving that she was disabled." (Comm'r's br. at 11).  However, the case cited by the Commissioner to support this assertion is not persuasive because it concerns an initial determination, not a termination of benefits decision.  Pursuant to 42 U.S.C. § 423(f) and the implementing regulations, in a termination case the burden is placed on the Commissioner to show the plaintiff has the ability to engage in substantial gainful activity.  See, Glenn v. Shalala, 21 F.3d 983, 987 (10th Cir. 1994)("[W]e  note that in the regulations implementing the Social Security Disability Benefits Reform Act 1984, 42 U.S.C. § 423(f),  the Secretary has recognized that before termination of benefits, the Secretary has the burden of showing the claimant has the ability to engage in substantial gainful activity."); Griego v. Sullivan, 940 F.2d 942, 944 (5th Cir. 1991)("[T]he ultimate burden of proof [on the issue of substantial gainful activity] lies with the Secretary in termination proceedings.").

Therefore, the Commissioner failed to carry his burden at step eight in this termination case of showing the plaintiff could perform other work.  Accordingly, the

plaintiff is disabled within the meaning of the Social Security Act.  An appropriate order

remanding the action with instructions that the plaintiff be awarded the benefits claimed

will be entered contemporaneously herewith.

DONE and ORDERED 25 June 2009.


UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.